# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL OLDHAM,<br><br>    Plaintiff,<br><br>v.<br><br>O.K. FARMS, INC.,<br><br>    Defendant. | Case No. CIV-15-384-RAW |

## ORDER & OPINION[1]

Before the court is Defendant's motion to strike the jury trial [Docket No. 18] and Plaintiff's motion for jury trial[2] [Docket No. 21]. On March 21, 2014, Plaintiff and Defendant entered a "contract for broiler production." The contract includes the following waiver of trial by jury:

> IF ANY MATTERS IN DISPUTE ARE REQUIRED TO BE SETTLED BY LITIGATION, SUCH TRIALS WILL BE DECIDED BY A JUDGE. THE PARTIES WAIVE TRIAL BY JURY IN ANY SUCH ACTION(S) AND CONFIRM THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO THEIR BUSINESS TRANSACTIONS.

Docket No. 23, Exh. 1, p. 11 (emphasis in contract). The contract also includes an arbitration clause and provides conflicting choice of venue provisions – one stating that any action shall be brought in the federal judicial district in which the principal part of the performance takes place, the other stating that any action shall be brought in the state or federal district court in the county of Sebastian, Arkansas. Id. at 3 and 9-11.

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

[2] Plaintiff included his motion for jury trial with his response to Defendant's motion to strike the jury trial. The court directs Plaintiff to Local Civil Rule 7.1(c), which directs that each motion, application, or objection shall be a separate pleading. Nevertheless, as the court herein grants Defendant's motion, it denies Plaintiff's.

Defendant concedes that the arbitration clause is unenforceable and states that Plaintiff complied with the choice of venue provision. The court agrees. The arbitration provision in the contract does not comply with 7 U.S.C. § 197c. Plaintiff brought the action in Haskell County where his farm is located and the principal part of the performance was to take place under the contract. Given the conflicting provisions, Plaintiff could have filed suit in either venue specified.

Defendant argues, however, that the waiver of trial by jury clause in the contract is enforceable. The court agrees. Plaintiff does not argue that the clause is inconspicuous or that there was a gross disparity in bargaining power. See Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835, 837 (10th Cir. 1988)(also noting that the "right to a jury trial in the federal courts is governed by federal law" and that contracts "waiving the right to trial by jury are neither illegal nor contrary to public policy"). In fact, the clause is conspicuous in bold and underlined as shown above. Moreover, the court has no reason to believe that Plaintiff is unsophisticated or that there was otherwise any gross disparity in bargaining power.

Plaintiff argues simply that by seeking to enforce the waiver of jury trial clause and not the arbitration clause or venue clause, Defendant is picking and choosing. As noted above, the arbitration clause is unenforceable and Plaintiff complied with one of the two venue provisions in the contract. Defendant has the right to seek enforcement of the waiver of jury trial.

Accordingly, the Defendant's motion to strike the jury trial [Docket No.18] is hereby GRANTED. Plaintiff's motion for jury trial [Docket No. 21] is hereby DENIED.

**IT IS SO ORDERED** this 8th day of April, 2016.

Ronald A. White
United States District Judge
Eastern District of Oklahoma